IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: |
| v. ) | _____ |
| ) | |
| B3 LOGISTICS, LLC; ONTIME ) | |
| CARRIERS, LLC; CYNTHIA DENISE ) | |
| KIRKSEY; TAMMY BAKER, as ) | |
| Surviving Spouse of Alrick Orlando ) | |
| Baker and/or Representative of the ) | |
| Estate Of Alrick Orlando Baker, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the plaintiff, Lancer Insurance Company ("Lancer"), and submits its Complaint under 28 U.S.C. § 2201(a) seeking a judicial determination about its rights and duties under insurance policy it issued.

### I. PARTIES

1. Lancer is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Long Beach, New York.

2. Defendant B3 Logistics, LLC ("B3") is an entity organized and existing under the laws of the State of Alabama with its principal place of business in Pritchard, Alabama (Mobile County).

3. Defendant OnTime Logistics, LLC ("OnTime") is an entity organized

and existing under the laws of the State of Alabama with its principal place of business in Pritchard, Alabama (Mobile County).

4.  Defendant Cynthia Denise Kirksey ("Kirksey") is an individual and citizen of the State of Alabama and resides in Mobile, Alabama (Mobile County).

5.  Tammy Baker is the surviving spouse of Alrick Orlando Baker and/or is the representative of the Estate of Alrick Orlando Baker and, based upon information and belief, is a citizen of the State of Louisiana and resides in Harvey, Louisiana.

## II.  JURISDICTION AND VENUE

6.  This Court has diversity jurisdiction over this matter under 28 USC § 1332 because the amount in controversy exceeds the sum of $75,000 and this controversy is between citizens of different states.

7.  Venue is proper because Lancer issued the subject insurance policies to B3 in Mobile County, Alabama and a substantial part of the events giving rise to this Complaint happened in Mobile County.

## III.  FACTS

8.  B3 is an interstate motor carrier defined by various federal regulations, including, but not limited to, the Motor Carrier Safety Act of 1980 and the *Federal Motor Carrier Safety Regulations*. B3 operates under U.S. Department of Transportation ("DOT") number 3572166.

9. Lancer issued an insurance policy bearing policy number CM0072733-01 to B3 with an effective policy period from May 19, 2022 to May 19, 2023 ("the Policy"). The Policy, however, was cancelled on December 9, 2022.

10. The Policy has multiple coverage parts, including a commercial auto liability coverage part ("the Auto Coverage Part") and a commercial general liability coverage part ("the CGL Coverage Part").

11. The Auto Coverage Part has a $1,000,000 limit and identifies a 2016 Freightliner tractor bearing VIN 3AKJGLD59GSHD0680 as a covered auto.

12. The Auto Coverage Part allows non-owned trailers to qualify as a covered auto, but only while singularly attached to a covered power unit (i.e. B3's tractor bearing VIN 3AKJGLD59GSHD0680).

13. OnTime is an interstate motor carrier defined by various federal regulations, including, but not limited to, the Motor Carrier Safety Act of 1980 and the *Federal Motor Carrier Safety Regulations*. OnTime operates under U.S. Department of Transportation ("DOT") number 3334394.

14. OnTime owned a 2016 Freightliner tractor bearing VIN 3AKJGDVOGSGS4722.

15. The Auto Coverage Part does not identify Amazon, OnTime or Kirksey as an insured or OnTime's tractor as a covered auto.

16. The GCL Coverage Part does not identify Amazon, OnTime or Kirksey

3

as an insured.

17. On June 5, 2022, Kirksey and Alrick Orlando Baker ("Baker") were involved in a motor vehicle accident on Interstate 10 in or around Biloxi, Mississippi (Harrison County).

18. When the accident happened, Kirksey was driving OnTime's tractor while hauling a loaded trailer for and owned by Amazon.

19. Indemnity Insurance Company of North America issued a commercial automobile liability insurance policy to OnTime and OnTime's policy was in force when the accident between Kirksey and Baker happened.

20. When the accident happened, Baker was driving a 2004 Freightliner, but was driving "bobtail" without a trailer.

21. As a result of the accident, Baker died. Tammy Baker and/or Baker's estate hired counsel to pursue a wrongful death claim as a result of the accident.

22. Baker's estate's counsel notified OnTime, Kirksey and Amazon about its claim.

23. Amazon's investigation of the accident revealed that the Amazon trailer and load that Kirksey was hauling when the accident happened had been tendered by Amazon to B3.

24. Amazon and B3 are parties to a contract that prohibits B3 from re-brokering a load, but Amazon's investigation revealed that B3 tendered the subject

load to OnTime and/or Kirksey.

25. The contract between Amazon and B3 contains an indemnification provision that requires B3 to defend and indemnify Amazon for claims arising out of B3's acts or omissions, B3's breach of its contractual duties, and other situations.

26. The Amazon-B3 contract also requires B3 to make Amazon an additional insured on its liability insurance policies.

27. Based on information and belief, Amazon and OnTime are parties to the same or substantially similar contract as Amazon and B3 and the Amazon-OnTime contract requires OnTime to indemnify and defend Amazon for claims arising out of OnTime's acts or omissions, OnTime's breach of its contractual duties, and other situations.

28. After receiving Amazon's letter demanding defense and indemnification under the Auto Coverage Part, B3 submitted it to Lancer, which began investigating and determining whether the Auto Coverage Part provided coverage for the subject accident.

29. Based on its investigation, Lancer determined that the Auto Coverage Part does not provide coverage for the subject accident and notified B3, OnTime, Baker's estate, and Amazon about its coverage position.

30. Although no defendant has contested Lancer's coverage position, Lancer seeks a judicial determination of its rights and responsibilities under the Auto

Coverage Part concerning the subject accident.

31. The Auto Coverage Part contains the following terms and conditions:

SECTION II – COVERED AUTOS LIABILITY COVERAGE

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

   1. Who Is An Insured

      The following are "insureds":

      a.    You for any covered "auto".

      b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

            (1)    The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

            (2)    Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

            (3)    Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

            (4)    Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

7

    (5) A partner (if you are a partnership) or member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

 c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

 d. The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

 e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

32. The Auto Coverage Part identifies and defines covered autos as follows:

SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

 A. Description Of Covered Auto Designation Symbols

67. Specifically Described "Autos" Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

33. The Auto Coverage Part defines "auto" as:

B. "Auto" means:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

34. The Auto Coverage Part also contains an MCS-90 endorsement that states as follows:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with

Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration.

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may

maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

35. After receiving Lancer's coverage determination under the Auto Coverage Part, Amazon, through its insurer Zurich American Insurance ("Zurich") and Zurich's third-party administrator (Sedgwick Claims Management Services, Inc. ("Sedgwick")), demanded defense and indemnity from Lancer under the GCL Coverage Part.

36. The GCL Coverage Part contains the following terms and conditions:

SECTION I – COVERAGES

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property

>       damage" to which this insurance does not apply.

37. The GCL Coverage Part defines as insured as follows:

    SECTION II – WHO IS AN INSURED

    1. If you are designated in the Declarations as:

       ...

       c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    2. Each of the following is also an insured:

       a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

38. The GCL Coverage Part contains the following exclusion ("the auto exclusion"):

    > g. Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

...

(5) "Bodily injury" or "property damage" arising out of:

(a) The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

(b) The operation of any of the machinery or equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".

39. The GCL Coverage Part defines "Auto" as:

2. "Auto" means:

13

  a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

  b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

  However, "auto" does not include "mobile equipment".

40. The GCL Coverage Part contains an endorsement that modifies the auto exclusion as follows:

  With respect to "hired autos", the following provisions This exclusion applies even if the claims supersede any provisions to the contrary: against any insured allege negligence or other

  A. The following exclusion is added to Paragraph g. Aircraft, Auto Or Watercraft, Paragraph 2. Exclusions of Section I – Coverages, Coverage A – Bodily Injury And Property Damage Liability:

  This insurance does not apply to:

   g. Aircraft, Auto Or Watercraft

  "Bodily injury" or "property damage" arising out of the maintenance, use or entrustment to others of any "hired auto".

  Use includes operation and "loading or unloading". wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury"

                or "property damage" involved the maintenance, use or entrustment to others of any "hired auto".

    B.    For the purposes of this endorsement, the following definition is added:

                "Hired auto" means any "auto":

                1.    Leased to, for or by any insured; or

                2.    Hired or borrowed for or by any insured.

## IV. **<u>FIRST CLAIM FOR RELIEF: AUTO COVERAGE PART</u>**

41.    Lancer seeks a judicial determination that the Policy and its Auto Coverage Part do not provide coverage to or for claims, damages or losses arising out of the subject accident.

42.    The Auto Coverage Part does not provide coverage for the subject accident because none of the vehicles involved in the subject accident is identified or described in the Auto Coverage Part's declarations or otherwise a covered auto under the Auto Coverage Part.

43.    The Amazon trailer does not qualify as a covered auto under the Auto Coverage Part because it was not singularly attached to a covered power unit (B3's tractor) when the accident happened. In other words, the Amazon trailer was not attached to a power unit that was a covered auto under the Auto Coverage Part.

44.    Additionally, the Auto Coverage Part's MCS-90 endorsement does not provide coverage for the subject accident because OnTime had its own commercial

automobile liability insurance policy that provides coverage to OnTime and Amazon for the subject accident.

45. Additional terms and conditions of the Policy and its Auto Coverage Part may apply and/or operate to bar or exclude coverage for claims arising out of the subject accident.

46. By filing this Complaint, Lancer does not waive, but specifically reserves, its right to enforce any and all terms and conditions of the Policy and its Auto Coverage Part.

47. Lancer requests this Court to take jurisdiction over this declaratory judgment action and specify and determine that Lancer has no obligation or duty under the Policy and its Auto Coverage Part to defend or indemnify for claims, losses or damages arising out of the subject accident.

48. Lancer also requests this Court to grant any and all additional or different relief as may be appropriate in order to establish substantial justice among the parties.

V. **SECOND CLAIM FOR RELIEF: GCL COVERAGE PART**

49. Lancer seeks a judicial determination that the Policy and its GCL Coverage Part do not provide coverage to or for claims, damages or losses arising out of the subject accident.

50. The GCL Coverage Part does not provide coverage for the subject

accident because the auto exclusion applies to bar coverage.

51. Because Kirksey was operating OnTime's vehicle under OnTime's motor carrier authority when the subject accident happened, the only way to impose liability on B3 for their conduct is through a relationship with them, such as employment, contractual, agency, or vicarious.

52. Regardless of any theory of liability, B3 cannot be liable for the subject accident unless OnTime rented, leased or loaned its vehicle to B3 or B3 hired or borrowed it. Such conduct, however, triggers the auto exclusion.

53. Likewise, in order for OnTime, Kirksey or Amazon to qualify for coverage under the GCL Coverage Part, they must establish that they are insureds. If they qualify as insureds under the GCL Coverage Part, the auto exclusion applies to bar coverage because the subject accident arose out of an auto owned or operated by, or rented or loaned to, an insured.

54. Alternatively, if OnTime, Kirksey or Amazon are not insureds, there is no coverage under the GCL Coverage Part available to them.

55. Additional terms and conditions of the Policy and its GCL Coverage Part may apply and/or operate to bar or exclude coverage for claims arising out of the subject accident.

56. Lancer requests this Court to take jurisdiction over this declaratory judgment action and specify and determine that Lancer has no obligation or duty

under the Policy and its GCL Coverage Part to defend or indemnify for claims, losses or damages arising out of the subject accident.

57. Lancer also requests this Court to grant any and all additional or different relief as may be appropriate in order to establish substantial justice among the parties.

WHEREFORE, PREMISES CONSIDERED, Lancer respectfully requests this Court to take jurisdiction of this matter and, upon hearing the issues presented above and any other matters that may arise during the course of this litigation, enter judgment on behalf of and in favor of Lancer declaring its rights and duties under the Policy, including its Auto Coverage Part and the GCL Coverage Part.

Respectfully submitted,

/s/ Jess Boone

Jeff Friedman (ASB-6868-N77J)
Jess S. Boone (ASB-3319-N70J)
Kelsey R. Reckart (ASB-4405-S42Z)
Attorneys for Plaintiff Lancer Insurance Company

**OF COUNSEL:**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
jfriedman@friedman-lawyers.com
jboone@friedman-lawyers.com
kreckart@friedman-lawyers.com
205-278-7000

## **<u>PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:</u>**

B3 Logistics, LLC
c/o Brian T. Davis
519 Edison Drive
Pritchard, AL 36610

OnTime Carriers, LLC
c/o Carlos Jones
508 Tallapoosa Street
Pritchard, AL 36610

Cynthia Denise Kirksey
608 Frank E. Lee Avenue
Mobile, AL 36610

Tammy Baker, as the Surviving Spouse of Alrick Orlando Baker
and/or Representative of the Estate of Alrick Orlando Baker
c/o Tim Richardson Attorney at Law, LLC
422 E Lockwood St Fl 2
Covington, LA 70433