IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LANCER INSURANCE COMPANY, )
)
Plaintiff, )
)
vs. ) CIVIL ACTION NO. 23-0171-TFM-MU
)
B3 LOGISTICS, LLC, *et al.*, )
)
Defendants. )

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Tameica Baker. (Doc. 42). Plaintiff Lancer Insurance Company filed a response in opposition to the motion to dismiss. (Doc. 46). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case and the applicable law, the undersigned recommends that Baker's motion to dismiss be **GRANTED** and this action dismissed without prejudice.

## I. BACKGROUND

Plaintiff Lancer Insurance Company has filed a declaratory judgement action in this Court seeking an interpretation of an insurance policy issued to Defendant B3 Logistics LLC ("B3"). (Doc. 1). B3 is one of several defendants in an underlying suit pending in Louisiana that arises from a motor vehicle accident that occurred near Biloxi, Mississippi on June 5, 2022. (Doc. 42-2; Doc. 46). Baker, on behalf of her husband who died in the accident, is the plaintiff in the underlying Louisiana action and the other

defendants in this action are named as defendants in the underlying action. (*Id.*). Baker is now and was at the time of the accident domiciled in and a resident of Louisiana. (Doc. 42-3). Baker's husband was also domiciled in Louisiana at the time of his death. (Doc. 42-2).

The record shows the following background facts: At the time of the accident, Baker's husband was driving a bobtail without a trailer. The other driver, Cynthia Kirksey, an Alabama resident at the time, was driving a tractor-trailer for OnTime Carriers, LLC, while hauling a loaded trailer owned by Amazon Logistics, Inc. The loaded trailer had been picked up by Kirksey in Louisiana. Both B3 and OnTime were Alabama entities and interstate motor carriers when the accident happened. Amazon contends that it brokered the relevant load to B3 who then rebrokered the load to OnTime. Lancer issued an insurance policy that included a commercial automobile liability coverage part and a commercial general liability part to B3.

## II. ANALYSIS

"As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims, as a defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings." *Agundis v. Rice*, Civ. A. No. 16-0122-CG-B, 2017 WL 1293060, at *4 (S.D. Ala. Feb. 22, 2017) (citations omitted). Since the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, does not provide for nationwide service of process, the Court must look to Alabama's long-arm statute to determine the existence of personal jurisdiction. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996)). The limits of long-arm jurisdiction under Alabama's long-arm statute are coextensive with due process under federal law;

therefore, the Court need only consider whether its exercise of personal jurisdiction over Baker in this case comports with the Due Process Clause of the Fourteenth Amendment. *See Vascular Ventures, LLC v. American Vascular Access, LLC, C*iv. A. No. 16-00481-KD-B, 2016 WL 7471642, *7 (S.D. Ala. Dec. 7, 2016) (citing Ala. R. Civ. P. 4.2; *Frye v. Smith*, 67 So. 2d 882, 892 (Ala. 2011)).

The bounds of jurisdiction over a non-resident defendant are in accord with due process if the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Since *International Shoe*, two categories of personal jurisdiction have arisen: general jurisdiction and specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984).

"General personal jurisdiction arises 'when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts.'" *HomeBingo Network, Inc. v. Chayevsky,* 428 F. Supp. 2d 1232, 1241 (S.D. Ala. 2006) (quoting *Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005) (citations omitted); *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003)). On the other hand, "[a] defendant is [only] constitutionally amenable to a forum's specific jurisdiction if it possesses sufficient minimum contacts with the forum to satisfy due process requirements, and if the forum's exercise of jurisdiction comports with 'traditional notions of fair play and substantial

justice.'" *Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1545 (11th Cir. 1993) (quoting *Int'l Shoe*, 326 U.S. at 316).

The non-resident defendant's contacts must meet three criteria to constitute sufficient minimum contacts with the forum:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it... Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum …, thus invoking the benefits and protections of its laws.... Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate being haled into court there.

*Id.* at 1546 (internal quotations and citations omitted). The plaintiff must show that the non-resident defendant "has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities" for the Court to exercise specific jurisdiction over the non-resident defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal citations omitted). While the Eleventh Circuit does not use "mechanical or quantitative" tests to determine relatedness, it has held that "the causal nexus between the tortious conduct and the purposeful contact must be such that the out-of-state resident will have 'fair warning that a particular activity will subject [it] to the jurisdiction of a foreign sovereign ….'" *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009) (quoting *Burger King*, 471 U.S. at 472 (citation omitted; alteration in original)). "The defendant's contacts with the forum must be related to the 'operative facts of the controversy.'" *Smarter Every Day, LLC v. Nunez*, Case No. 2:15-cv-01358-RDP, 2017

WL 1247500, *3 (N.D. Ala. Apr. 5, 2017) (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 n.3 (11th Cir. 2008)).

Lancer has not alleged that Baker or her decedent committed any acts in Alabama or had any contact with Alabama at all. There are simply no allegations that link either of them to the State of Alabama. Conversely, Baker has shown that she and her husband were domiciled in Louisiana at the time of the accident and that the accident involved here occurred in Mississippi. Accordingly, Lancer has failed to show that this Court can exercise general or specific personal jurisdiction over Baker. Indeed, Lancer seems to concede this lack of personal jurisdiction, but argues that its claim against Baker can be dismissed and the remainder of its declaratory judgment action can proceed in this Court against the remaining defendants. (Doc. 46 at pp. 2, 5-6).

In *American Safety Casualty Insurance Company v. Condor Associates, LTD,* 129 F. App'x 540, 542 (11th Cir. 2005), the Eleventh Circuit affirmed the binding holding in *Ranger Insurance Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974), finding that a tort claimant is an indispensable party to an insurer's declaratory judgment action against its insured because the claimant's interest would be prejudiced if the declaratory action proceeded without the claimant. Accordingly, this Court must reject Lancer's argument that its declaratory judgement action can proceed here without Baker, the tort claimant. Because this Court cannot exercise personal jurisdiction over Baker and because she is an indispensable party to Lancer's declaratory judgement action, this Court must dismiss the action without prejudice so that it can be brought in a proper forum.

## III. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Tameica Baker's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 42) be **GRANTED** and that this action be **DISMISSED without prejudice**.[1]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

[1] Considering the recommendation that this action be dismissed without prejudice, the undersigned Magistrate Judge further recommends that Defendant OnTime Carriers, LLC's FRCP 4(m) Motion to Dismiss (Doc. 48) be **MOOTED**.

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **22nd** day of **February, 2024**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE